**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2207
_____

CONROY KIM CLAYTON,
                                        Petitioner
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-976-512)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 26, 2018
Before:  KRAUSE, SCIRICA, and NYGAARD, Circuit Judges

(Opinion filed October 26, 2018)
_____

OPINION[*]
_____

PER CURIAM

Conroy Kim Clayton petitions this Court for review of a final removal order

entered by the Board of Immigration Appeals ("BIA"), which affirmed a decision by the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Immigration Judge ("IJ") to reject Clayton's claim that he has derivative United States citizenship through his father. We too must reject Clayton's claim to derivative citizenship, and we will deny his petition for review.

Clayton, a native and citizen of Jamaica, was admitted to the United States ("U.S.") as a lawful permanent resident on May 27, 1993. He was convicted on July 29, 2011, of conspiracy to commit robbery in violation of 18 U.S.C. § 1951, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Clayton was sentenced to a total of 108 months imprisonment. In a Notice to Appear issued on April 7, 2015, the Department of Homeland Security charged Clayton with being removable as having been convicted of an aggravated felony as defined by INA § 101(a)(43)(F), crime of violence; § 101(a)(43)(G), a theft or burglary offence; and § 101(a)(43)(U), relating to attempt or conspiracy. He was also charged as removable under § 237(a)(2)(C), as an alien convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying any weapon or accessory which is a firearm or destructive device as defined in 18 U.S.C. § 921(a). At his master calendar hearing on August 8, 2017, the IJ sustained all charges except for the aggravated felony as defined in § 101(a)(43)(F) (crime of violence).

Clayton testified at the hearing that he believed he was not removable because he had derived U.S. citizenship from his citizen father under former INA § 321, 8 U.S.C. § 1432(a), which confers citizenship to children born outside of the U.S. when one or more

2

parent naturalizes and certain other statutory conditions are met. See 8 U.S.C. § 1432(a);

Morgan v. Att'y Gen., 432 F.3d 226, 230 n.1 (3d Cir. 2005). However, the U.S.

Citizenship and Immigration Services had issued a Notice of Denial on April 9, 2014,

finding that Clayton failed to meet his burden of proof on the derivative citizenship

claim. His appeal to the Administrative Appeals Office was dismissed on October 27,

2014. Given this adverse determination, Clayton asked the immigration court to make its

own finding regarding his citizenship claim.

In an Interim Ruling issued on September 19, 2017, the IJ concluded that Clayton

failed to establish that he derived citizenship under INA § 321. The IJ noted that,

because Clayton reached the age of eighteen in December 1998, over two years prior to

the effective date of the Child Citizenship Act of 2000 ("CCA"), 8 U.S.C. § 1431, his

claim is governed by former § 321. The IJ went on to conclude that Clayton failed to:

(1) present evidence that his biological parents were married and later legally separated;

(2) establish the citizenship of both his mother and father before his eighteenth birthday;

(3) present evidence that his mother became deceased prior to his eighteenth birthday; or

(4) that his step-mother ever legally adopted him. In light of the Interim Ruling on

Clayton's citizenship claim, the IJ subsequently issued an Oral Decision on October 24,

2017, ordering him removed to Jamaica.

Clayton timely sought review before the BIA. In a decision issued on February

23, 2018, the BIA agreed with the IJ's determination that Clayton did not gain derivative

3

citizenship under former § 321(a) for the reasons noted by the IJ. Additionally, the BIA rejected Clayton's argument that he derived citizenship because, though born out of wedlock, he is considered legitimated under the Jamaican Status of Children Act. The BIA concluded that legitimation was not at issue because Clayton's mother did not naturalize. Finally, the BIA determined that Clayton did not gain derivative citizenship through his father under the provisions of the CCA because Clayton was over the age of eighteen on February 27, 2001 (the effective date of the CCA), and the CCA has no retroactive effect. The BIA thus dismissed Clayton's appeal.

Because Clayton's removability is based on his having committed an aggravated felony, our jurisdiction over his petition is limited to questions of law and constitutional claims. See 8 U.S.C. § 1252(a)(2)(D). We have jurisdiction to review the citizenship claim, and because the facts underlying Clayton's claim are not in dispute, we can decide his claim as a matter of law. See 8 U.S.C. § 1252(b)(5)(A). "We exercise plenary review over [a] derivative citizenship claim, as it presents a pure question of statutory interpretation." Jordon v. Att'y Gen., 424 F.3d 320, 328 (3d Cir. 2005). "The burden of proof of eligibility for citizenship is on the applicant," and "[a]ll doubts should be resolved in favor of the United States and against the claimant." Bagot v. Ashcroft, 398 F.3d 252, 256-57 (3d Cir. 2005) (quotation marks omitted).

4

Former INA § 321(a) generally provided for derivative citizenship of alien children upon their alien parents' naturalization if certain statutory conditions were met.[1] Morgan, 432 F.3d at 229-30. This statute was in effect when Clayton was born in 1980, when he entered the U.S. in 1993, and when his father naturalized in 1997; it thus controls his claim for derivative citizenship. Id. at 230.[2] For Clayton to be a derivative citizen under this provision, he must satisfy one of the three avenues to citizenship specified in subsections (1), (2), and (3). See Jordon, 424 F.3d at 329.

---

[1] Section 321(a), 8 U.S.C. § 1432(a) (1999), provided as follows: "A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:

(1)  The naturalization of both parents; or
(2)  The naturalization of the surviving parent if one of the parents is deceased; or
(3)  The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
(4)  Such naturalization takes place while such child is under the age of eighteen years; and
(5)  Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years."

[2] Section 321(a) was repealed by the CCA, which took effect on February 27, 2001. The CCA liberalized the conditions for derivative citizenship of alien children of naturalized parents, but it is not retroactive and does not apply to individuals like Clayton who turned eighteen before it went into effect. Morgan, 432 F.3d at 230 n.1.

First and foremost, Clayton cannot establish – under subsection (1) – that *both* of his parents were naturalized when he was a child. There is no question that Clayton's mother was *never* naturalized. Likewise, since Clayton's non-naturalized mother was alive until after he reached the age of eighteen, he cannot satisfy subsection (2) (which requires that a *child's* surviving parent be naturalized). Clayton's claim fails under § 321(a)(3) as well. He offered no evidence that his parents ever married and, in fact, claimed at one point that he was born out of wedlock. See A.R. at 23. Thus, as the BIA concluded, "there was no legal separation and conveyance of legal custody to the father" prior to the time of his father's naturalization. See id. at 3; see also Morgan, 432 F.3d at 234 (holding that "a legal separation for purposes of § 1432(a) occurs only upon a formal government action"); Barthelemy v. Ashcroft, 329 F.3d 1062, 1065 (9th Cir. 2003) (holding that alien "does not enjoy derivative citizenship under the first clause of § 321(a)(3) because his natural parents never married and thus could not *legally* separate"). Additionally, because his mother never naturalized, the BIA is correct in its conclusion that the issue of legitimation is not relevant. As such, Clayton cannot satisfy the third and final avenue to derivative citizenship.

Moreover, there is no merit to Clayton's argument that he does not need to satisfy any of former § 321(a)'s three avenues to derivative citizenship because the CCA provides for derivative citizenship when only one parent becomes a U.S. citizen. The BIA has rejected this position, see In re Rodriguez-Tejedor, 23 I. & N. Dec. 153, 163

6

(BIA 2001), as has this Court. See Morgan, 432 F.3d at 230 n.1 ("The law, however, does not apply retroactively to persons, like petitioner, who turned eighteen before Congress passed the Child Citizenship Act.").

On this record, the claim to derivative citizenship under former § 321(a)(3) was properly denied. See Jordon, 424 F.3d at 330. We have considered Clayton's remaining contentions but find them without merit. For the foregoing reasons, we will deny the petition for review.